# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—MAY TERM, 1893.

## The City of Springfield v. Michael Burns.

1. NEGLIGENCE—*Exercise of Ordinary Care.*—In actions for personal injuries the question as to whether the plaintiff was in the exercise of ordinary care is a question of fact for the jury.

2. INSTRUCTIONS—*Cities and Villages—Sidewalks.*—An instruction that a city is not bound to keep its walks in reasonable repair for their entire width, is erroneous.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

DAVIS McKEOWN, city attorney, and CONNOLLY & MATHER, for appellant.

JOHN C. SNIGG, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment for $300, on account of personal injury sustained by reason of a defective sidewalk.

The brief of appellant is confined mainly to a discussion of the evidence.

The plaintiff was no doubt injured by stepping into a hole in the walk where the plank had worn, or been broken off, and there was evidence tending to show that the defect had been there long enough to charge the city with notice.

The only difficult question of fact was whether the plaintiff used ordinary care. It appears that a short distance west of where the injury occurred the walk was in a worse condition than there—that the plaintiff passed over that part of the walk in safety—and that when he got to the point in question he went along the north edge of the walk to avoid the mud and slush which covered the middle and the south side.

In doing so he stepped in the hole. It is argued that by the exercise of proper care he could have avoided the injury. It was dark, or nearly so, and misty, and for this reason he failed to see the dangerous place, as he says. Whether he exercised the proper degree of care was for the jury— and we think there is enough evidence to warrant their conclusion on this point.

That the city was in fault is clear enough. The court instructed the jury very fully upon the duty of the plaintiff to exercise ordinary care, and the city has no occasion to complain in this respect.

It is urged, however, that the court erred in modifying an instruction which was intended to advise the jury that the city was bound to keep its walks in reasonable repair but not for their entire width. The modification consisted in striking out the words *but not for their entire width.* This was right. The duty of the city is not limited to any part of the walk.

Persons may properly travel along the edge of a sidewalk at any time and more especially so when it is apparently necessary in order to avoid mud and slush on the other portions thereof. We find no error and must affirm the judgment.